IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02242-BNB

GERALD ZACHARY HAMMOND,

    Plaintiff,

v.

OFFICER JOHN WESLEY NELSON,
OFFICER BYRAN STRINGHAM,
LT. CLIFFORD CARNEY,
DET. RAY DENIST MARQUEZ,
CHIEF GERRY WHITMAN, and
MAYOR JOHN HECENLOOPER [sic],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 27 2006

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Gerald Zachary Hammond currently is held at the Denver County Jail in Denver, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Mr. Hammond has been granted leave to proceed pursuant to 28 U.S.C. § 1915 and was directed to pay a $6.00 initial partial filing fee, which he did on November 15, 2006.

The Court must construe the Complaint liberally because Mr. Hammond is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hammond will be ordered to file an Amended Complaint.

The Court finds that Plaintiff's allegations fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hammond's claims for the most part are vague and incomprehensible. The Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). For the most part, the Complaint is a statement of facts and holdings of state, federal, and U.S. Supreme Court cases. The Court will attempt, however, to summarize Mr. Hammond's claims. Plaintiff appears to assert that he was subject to a warrantless arrest, that the arresting

officers lacked probable cause, and that the use of the seized evidence violated his constitutional rights. Plaintiff seeks money damages.

Mr. Hammond fails to allege how any of the named Defendants were responsible for the constitutional violations he asserts. Plaintiff must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

With respect to any claims that Plaintiff sets forth regarding his criminal proceedings, his claims for money damages are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87.

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," **Beck v. City of Muskogee**, 195 F.3d 553, 558 (10th Cir. 1999), to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him an actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, **Heck**, 512 U.S. at 487 n. 7.

Mr. Hammond does not allege that he has invalidated his sentence. He also does not assert that the search caused him actual, compensable injury that encompasses any injury other than the fact that he is falsely imprisoned. Therefore, the claim for damages challenging the validity of his criminal conviction is barred by **Heck**.

To the extent that Mr. Hammond has not been convicted and he is asking the Court to interfere in his possible pending state-court criminal proceedings, the Court will abstain from exercising jurisdiction over this claim pursuant to **Younger v. Harris**, 401 U.S. 37 (1971).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See* **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). To the extent that Plaintiff may state a constitutional violation by Defendants but fails to meet the requirements of Fed. R. Civ. P. 8, the Court will allow Mr. Hammond the opportunity to file an Amended Complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Hammond file **within thirty days from the date of this Order** an original and a copy of an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hammond, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Hammond submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Hammond fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED November 27, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   06-cv-02242-BNB

Gerald Z. Hammond
Prisoner No. 1502209
Denver County Jail
PO Box 1108 Bldg 10B-5
Denver, CO 80201

 I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/27/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk